UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

RAYMOND CANTY, )
)
    Plaintiff, )
)
v. ) No.: 14-CV-00666-NJR-SCW
)
OFFICER KEITH BOWERS, and )
OFFICER DAMON PIPKENS, )
of the CAHOKIA Police Department, and )
THE VILLAGE OF CAHOKIA, )
OFFICER ANTHONY LEFLORE, of the )
ALORTON Police Department, and )
THE VILLAGE OF ALORTON, and )
OFFICER RYAN CORBIN, of the )
DUPO Police Department, and )
THE VILLAGE OF DUPO, )
)
    Defendants. )

## PLAINTIFFS' COMPLAINT

COMES NOW Plaintiff, Raymond Canty, by and through his attorneys, Jarrod P. Beasley and Matthew P. Young of The Kuehn Law Firm and for his Complaint against the Defendants, states as follows:

### FACTS COMMON TO ALL COUNTS

1. That at all times mentioned herein, the Defendant, Officer Keith Bowers, was employed as an officer for the Cahokia, Illinois Police Department.

2. That at all times mentioned herein, the Defendant, Officer Damon Pipkens, was employed as an officer for the Cahokia, Illinois Police Department.

3. The Defendant, Village of Cahokia, is a municipal corporation and governmental unit within the State of Illinois, County of St. Clair.

4. That at all times mentioned herein, the Defendant, Officer Keith Bowers was acting under color of law.

5. That at all times mentioned herein, the Defendant, Officer Damon Pipkens was acting under color of law.

6. That at all times mentioned herein, the Defendant, Officer Anthony LeFlore, was employed as an officer for the Alorton, Illinois Police Department.

7. The Defendant, Village of Alorton, is a municipal corporation and governmental unit within the State of Illinois, County of St. Clair.

8. That at all times mentioned herein, the Defendant, Officer Anthony LeFlore was acting under color of law.

9. That at all times mentioned herein, the Defendant, Officer Ryan Corbin, was employed as an officer for the Dupo, Illinois Police Department.

10. The Defendant, Village of Dupo, is a municipal corporation and governmental unit within the State of Illinois, County of St. Clair.

11. That at all times mentioned herein, the Defendant, Officer Ryan Corbin was acting under color of law.

12. That on or about October 7, 2013, the Plaintiff, Raymond Canty was a passenger in a vehicle that was involved in a police chase in St. Clair County, Illinois.

13. Police personnel deployed spike strips to stop the subject vehicle.

14. Once the subject vehicle came to a rest, the driver fled on foot.

15. Upon the subject vehicle coming to a stop, Plaintiff got out of the vehicle, with his hands up, screaming that he was just the passenger and that he didn't do anything wrong.

16. Despite his pleas, Officer Corbin tackled plaintiff to the ground, without provocation or any legal justification, and then repeatedly punched and kicked plaintiff.

17. While he was being tackled to the ground, Officer LeFlore, also without any legal justification, jumped on plaintiff and began punching and kicking plaintiff.

18. While being beaten by two other officer, Officer Pipken, also without any legal justification, joined in the beating, jumping on plaintiff and began punching and kicking plaintiff.

19. While being beaten by three officers, Officer Bowers decided, without any legal justification, that he would pull out his tazer and taze plaintiff with a drive stun while he was on the ground being beaten by three officers.

20. Unsatisfied with the initial tazing, Officer Bowers then decided to issue another drive stun to plaintiff while the three officers continued in their beating.

21. That in an attempt to justify their conduct, as well as the unlawful detention of the Plaintiff, the Cahokia officers charged the Plaintiff with resisting and obstructing a police officer.

22. That in an attempt to justify his conduct, as well as the unlawful detention of the Plaintiff, the Alorton officer, Officer LeFlore charged the Plaintiff with attempted resisting and obstructing a police officer.

23. The plaintiff never resisted or obstructed arrest or attempted to resist of obstruct arrest.

24. That the aforementioned acts by the Defendants constituted grossly excessive force and an illegal seizure in violation of the Plaintiff's fourth amendment rights.

25. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendant, the Plaintiff suffered personal injury and pain and suffering, lost his freedom, and will continue to experience pain and suffering, and have the stigma associated with having sustained a record of the aforementioned arrests.

### Count I- Officer Keith Bowers- 42 U.S.C. § 1983

26. Plaintiff reincorporates by reference the allegations contained in paragraphs 1 through 25 and if expressly stated herein.

WHEREFORE, Plaintiff, Raymond Canty, requests that judgment be entered on his behalf against the Defendant, Officer Keith Bowers, for actual damages in a sum in excess of Fifty Thousand Dollars ($50,000.00), for punitive damages, attorney's fees, and for costs of suit.

### Count II- Officer Damon Pipkens- 42 U.S.C. § 1983

27. Plaintiff reincorporates by reference the allegations contained in paragraphs 1 through 25 and if expressly stated herein.

WHEREFORE, Plaintiff, Raymond Canty, requests that judgment be entered on his behalf against the Defendant, Officer Damon Pipkens, for actual damages in a sum in excess of Fifty Thousand Dollars ($50,000.00), for punitive damages, attorney's fees, and for costs of suit.

### Count III- Officer Anthony LeFlore- 42 U.S.C. § 1983

28. Plaintiff reincorporates by reference the allegations contained in paragraphs 1 through 25 and if expressly stated herein.

WHEREFORE, Plaintiff, Raymond Canty, requests that judgment be entered on his behalf against the Defendant, Officer Anthony LeFlore, for actual damages in a sum in excess of Fifty Thousand Dollars ($50,000.00), for punitive damages, attorney's fees, and for costs of suit.

### Count IV- Officer Ryan Corbin- 42 U.S.C. § 1983

29. Plaintiff reincorporates by reference the allegations contained in paragraphs 1 through 25 and if expressly stated herein.

WHEREFORE, Plaintiff, Raymond Canty, requests that judgment be entered on his behalf against the Defendant, Officer Ryan Corbin, for actual damages in a sum in excess of Fifty Thousand Dollars ($50,000.00), for punitive damages, attorney's fees, and for costs of suit.

### Count V –Village of Cahokia – 42 U.S.C. § 1983

30. The Plaintiff Raymond Canty hereby adopts and incorporates the allegations of paragraphs 1 through 27 as if fully set forth herein.

31. At all times mentioned herein, the Defendant, Village of Cahokia, through its police department, had customs, policies, and practices that violated the

Fourth Amendment rights of its arrestees under the Illinois and United States Constitutions, including, but not limited to:

a. It hired and retained Officers Bowers and Pipkens, knowing that they were likely to violate the rights of their arrestees;

b. It failed to properly train, investigate, discipline, and/or fire Officers Bowers and Pipkens for such violations;

c. It gave credence to Officers Bowers and Pipkens's actions by ratifying the criminal charges levied against the Plaintiff;

d. It failed to create and/or maintain adequate policies and procedures to fully and adequately inform Defendants Bowers and Pipkens as to their responsibilities and limitations regarding the use of power;

e. It failed to train Defendants Bowers and Pipkens as to their responsibilities and limitations regarding their use of power; and

f. It was deliberately indifferent to this failure to train Defendants Bowers and Pipkens and create and/or maintain policies.

42. The failure to create and/or maintain proper policies and procedures was a substantial factor in directly and proximately causing Plaintiff to suffer physical, emotional, and economic damages and be deprived of his right to be free from intrusions upon his rights under the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff, Raymond Canty, requests that judgment be entered on his behalf against the Defendant, Village of Cahokia, for actual damages in a sum in

excess of Fifty Thousand Dollars ($50,000.00), for punitive damages, attorney's fees, and for costs of suit.

### Count VI – Village of Alorton – 42 U.S.C. § 1983

43. The Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through 25 and 28 as if fully set forth herein.

44. At all times mentioned herein, the Defendant, Village of Alorton, through its police department, had customs, policies, and practices that violated the Fourth Amendment rights of its arrestees under the Illinois and United States Constitutions, including, but not limited to:

    a. It hired and retained Officer LeFlore, knowing that he was likely to violate the rights of their arrestees;

    b. It failed to properly train, investigate, discipline, and/or fire Officer LeFlore for such violations;

    c. It gave credence to Officer LeFlore's actions by ratifying the criminal charges levied against the Plaintiff;

    d. It failed to create and/or maintain adequate policies and procedures to fully and adequately inform Defendant LeFlore as to his responsibilities and limitations regarding the use of power;

    e. It failed to train Defendant LeFlore as to his responsibilities and limitations regarding their use of power; and

    f. It was deliberately indifferent to this failure to train Defendant LeFlore and create and/or maintain policies.

45. The failure to create and/or maintain proper policies and procedures was a substantial factor in directly and proximately causing Plaintiff to suffer physical, emotional, and economic damages and be deprived of his right to be free from intrusions upon his rights under the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff, Raymond Canty, requests that judgment be entered on his behalf against the Defendant, Village of Alorton, for actual damages in a sum in excess of Fifty Thousand Dollars ($50,000.00), for punitive damages, attorney's fees, and for costs of suit.

### Count VII – Village of Dupo – 42 U.S.C. § 1983

43. The Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through 25 and 29 as if fully set forth herein.

44. At all times mentioned herein, the Defendant, Village of Dupo, through its police department, had customs, policies, and practices that violated the Fourth Amendment rights of its arrestees under the Illinois and United States Constitutions, including, but not limited to:

   a. It hired and retained Officer Corbin, knowing that he was likely to violate the rights of their arrestees;

   b. It failed to properly train, investigate, discipline, and/or fire Officer Corbin for such violations;

   c. It gave credence to Officer Corbin's actions by ratifying the criminal charges levied against the Plaintiff;

    d. It failed to create and/or maintain adequate policies and procedures to fully and adequately inform Defendant Corbin as to his responsibilities and limitations regarding the use of power;

    e. It failed to train Defendant Corbin as to his responsibilities and limitations regarding their use of power; and

    f. It was deliberately indifferent to this failure to train Defendant Corbin and create and/or maintain policies.

45. The failure to create and/or maintain proper policies and procedures was a substantial factor in directly and proximately causing Plaintiff to suffer physical, emotional, and economic damages and be deprived of his right to be free from intrusions upon his rights under the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff, Raymond Canty, requests that judgment be entered on his behalf against the Defendant, Village of Dupo, for actual damages in a sum in excess of Fifty Thousand Dollars ($50,000.00), for punitive damages, attorney's fees, and for costs of suit.

### Count VIII – Village of Cahokia - Indemnification

46. Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through 45 as if fully set forth herein.

47. Pursuant to 745 ILCS 10/9-102 the Village is required to pay any tort judgment or settlement for compensatory damages of its employee while acting within the scope of his employment.

48. Defendants Bowers and Pipkens were acting in the course and scope of his employment at all times referenced in the amended complaint.

49. The Village of Cahokia, by the conduct of their agents, is an indispensable party to this litigation under Federal Rule 19.

WHEREFORE, the plaintiff, Raymond Canty, demands judgment against the defendant, Village of Cahokia, for the amount of any judgment entered against Defendants Bowers and Pipkens and for such further relief as this Court deems just and proper.

### Count IX – Village of Alorton - Indemnification

50. Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through 45 as if fully set forth herein.

51. Pursuant to 745 ILCS 10/9-102 the Village is required to pay any tort judgment or settlement for compensatory damages of its employee while acting within the scope of his employment.

52. Defendant LeFlore was acting in the course and scope of his employment at all times referenced in the amended complaint.

53. The Village of Alorton, by the conduct of their agents, is an indispensable party to this litigation under Federal Rule 19.

WHEREFORE, the plaintiff, Raymond Canty, demands judgment against the defendant, Village of Alorton, for the amount of any judgment entered against Defendant LeFlore and for such further relief as this Court deems just and proper.

## Count X – Village of Dupo - Indemnification

46. Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through 45 as if fully set forth herein.

47. Pursuant to 745 ILCS 10/9-102 the Village is required to pay any tort judgment or settlement for compensatory damages of its employee while acting within the scope of his employment.

48. Defendant Corbin was acting in the course and scope of his employment at all times referenced in the amended complaint.

49. The Village of Alorton, by the conduct of their agents, is an indispensable party to this litigation under Federal Rule 19.

WHEREFORE, the plaintiff, Raymond Canty, demands judgment against the defendant, Village of Dupo, for the amount of any judgment entered against Defendant Corbin and for such further relief as this Court deems just and proper.

Respectfully Submitted,

/s Matthew P. Young
Matthew P. Young #6291110
Attorney for Plaintiff
The Kuehn Law Firm
23 Public Square, Suite 450
Belleville, IL 62220
Phone: 618.277.7260
Fax: 618.277.7718
mattyoung@kuehnlawfirm.com

/s Jarrod P. Beasley
Jarrod P. Beasley #6274536
Attorney for Plaintiff
The Kuehn Law Firm
23 Public Square, Suite 450
Belleville, IL 62220
Phone: 618.277.7260
Fax: 618.277.7718
jarrodbeasley@kuehnlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2014, I electronically filed PLAINTIFFS' COMPLAINT with the Clerk if the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully Submitted,

/s Matthew P. Young
Matthew P. Young #6291110
Attorney for Plaintiff
The Kuehn Law Firm
23 Public Square, Suite 450
Belleville, IL 62220
Phone: 618.277.7260
Fax: 618.277.7718
mattyoung@kuehnlawfirm.com

/s Jarrod P. Beasley
Jarrod P. Beasley #6274536
Attorney for Plaintiff
The Kuehn Law Firm
23 Public Square, Suite 450
Belleville, IL 62220
Phone: 618.277.7260
Fax: 618.277.7718
jarrodbeasley@kuehnlawfirm.com